NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2018[*]
Decided May 18, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-3246

| | |
|---|---|
| MICHAEL SHAWN WHITLOW, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-CV-1223 |
| BRADLEY UNIVERSITY, <br> *Defendant-Appellee.* | Joe Billy McDade <br> *Judge.* |

**O R D E R**

Michael Whitlow sued his employer, Bradley University, for employment discrimination. In this appeal, he challenges the denial of his post-judgment motion asserting that the district judge who presided over his suit had such close ties to the university that he should have recused himself under 28 U.S.C. § 455(a). We find that

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the judge did not abuse his discretion in declining to disqualify himself after entry of judgment, so we affirm.

Whitlow's claims arise out of a number of difficult interactions with a female supervisor, Sandra Bury. Whitlow, a senior network analyst at Bradley University, alleged that Bury harassed him by "utter[ing] defamatory statements" to other employees about Whitlow's second job as a part-time police officer, scolding him, and acting with hostility toward him. He said that when he complained about Bury's behavior to the university's human resources department, he received no help. Because of his complaints, Whitlow also claimed, Bury disciplined him, resulting in a negative annual review and a lower annual raise. Whitlow sued the university for sex discrimination, a hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964.

District Judge McDade dismissed Whitlow's complaint, concluding that Whitlow had not alleged facts to support his claims. Instead, Whitlow had alleged only a "tenuous and contentious relationship" with Bury that Title VII could not remedy.

Whitlow moved for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6), contending that he had recently learned that Judge McDade has ties to Bradley University that should have disqualified him from hearing the case under 28 U.S.C. § 455(a), which calls for disqualification if a judge's "impartiality might reasonably be questioned." Whitlow asserted that the judge (1) is an alumnus of Bradley University, a former basketball star, and has been honored by the university as an alumnus who has brought credit to the university, (2) has spoken affectionately of Bradley at events and to the press, including describing his "love affair" with the school, (3) spoke at Bradley's commencement in 2013, (4) has networked with people connected to the university, (5) recused himself from three cases involving Bradley University in 1999, 2000, and 2010, and (6) is a former member of the university's board of trustees. Judge McDade denied the motion, concluding that § 455(a) did not disqualify him based on his "minimal alumni contacts," and that there was "no reasonable question" about his "ability to be impartial in this case."

On appeal, Whitlow again highlights examples of the judge's relationship with the university that, in his view, compelled disqualification under § 455(a). But Whitlow does not explain why he did not request disqualification before entry of judgment, and we decline to hold that a judge must vacate a judgment in order to disqualify himself retroactively absent "exceptional circumstances." See FED. R. CIV. P 60(b)(6); *Liljeberg*

*v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Williamson v. Indiana Univ.*, 345 F.3d 459, 464 (7th Cir. 2003).

Judge McDade's contacts with Bradley University do not persuade us that "exceptional circumstances" required his disqualification from the case after he had already entered judgment. See *Williamson*, 345 F.3d at 464. Whitlow offered evidence that Judge McDade is an active member of the university's alumni community, but alumni contacts or positive comments about a school, without more, do not disqualify a judge. See *Williamson*, 345 F.3d at 464–65; *Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir. 2014). The fact that Judge McDade has disqualified himself from several other cases involving Bradley University signals only his judgment that circumstances in *those* cases warranted his disqualification. Those past decisions do not mandate disqualification in all future cases. Finally, we cannot conclude that the judge should have reopened the judgment to disqualify himself based on his past service on Bradley University's board of trustees—service that, according to his biography, ended more than a decade ago in 2002. *Joe B. McDade*, ALMANAC OF THE FEDERAL JUDICIARY, 2018 WL 1429409, *1 (CCH 2018). By statute, he would have been required to disqualify himself *during* his service on the Board, see 28 U.S.C. § 455(b)(1)(5)(i), and as Judge McDade recognizes, particular circumstances in particular cases involving Bradley University may make disqualification appropriate under § 455. In this case, however, the judge has no apparent or alleged connection to the dispute requiring disqualification, especially after judgment. The judgment of the district court is

AFFIRMED.